# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MINNIE SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-274 |
| | ) | |
| OAKS SENIOR LIVING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Minnie Simmons filed a Complaint alleging that her former employer, defendant Oaks Senior Living, LLC, discriminated against her on the basis of her age and retaliated against her. *See generally* doc. 1. She also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, she does not appear indigent and her motion for leave to proceed IFP should be **DENIED**. Docs. 2.

In her application, plaintiff discloses $2,250.00 in Social Security or Medicare benefits. Doc. 2 at 1. She discloses approximately $1,975.00 in monthly expenses, although it is not entirely clear that her list is exhaustive. *See id.* at 2 (listing "[h]ome" as an expense, but no separate listing for food). She also discloses $2,500.00 available in a checking

account. *Id.* Since she discloses available cash sufficient to pay the filing fee and income that exceeds her disclosed expenses, leave to proceed IFP is not warranted.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue

hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given her disclosed income and assets, plaintiff is not indigent. Accordingly, her application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

[1] If Plaintiff believes the Court has misconstrued her financial situation, her opportunity to object to this Report and Recommendation, discussed below, provides her an opportunity to clarify it. She is reminded that any submission regarding her finances must be truthful.

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA