UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MINNIE SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-274 |
| | ) | |
| OAKS SENIOR LIVING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant Oaks Senior Living, LLC ("Oaks Senior Living"), moves to dismiss *pro se* Plaintiff Minnie Simmons's Complaint for failure to state a claim upon which relief can be granted. Doc. 14. Simmons filed this action against Oaks Senior Living, her former employer, alleging age discrimination and retaliation under 29 U.S.C. § 623 (the "Age Discrimination in Employment Act" or "ADEA").[1] *See generally* doc. 1. She claims she was treated differently than her younger co-workers by her supervisor, Keith Ashley. *Id.* at 6. Simmons contends that Ashley unreasonably scrutinized her work in comparison to younger employees,

---

[1] Oaks Senior Living acknowledges service in its Motion to Dismiss. *See* doc. 14 at 1 n.1. By acknowledging service and failing to raise inadequate service of process in its Motion to Dismiss, *see generally* doc. 14, Oaks Senior Living has waived that defense. *See* Fed. R. Civ. P. 12(h).

1

chastised her for infractions she did not commit, was unsupportive, and frustrated her "ability to grow and succeed." *Id.* She also contends that on two separate occasions, co-workers heard Ashley say that he wanted to fire Simmons because of her age. *Id.* at 7. The work environment was allegedly "so intolerable" that she was forced to resign. *Id.*

To state a claim for age discrimination under the ADEA, Simmons must plausibly allege that she suffered an adverse employment action as a result of age discrimination. *Early v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also, e.g., Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 (2000)). To state a retaliation claim, she "must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; *and* (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (emphasis added). Oaks Senior Living contends that Simmons has not sufficiently alleged that she suffered an adverse employment action. *See* doc. 14 at 5-9.

Oaks Senior Living is correct.[2] Though she has alleged that Ashley wanted and perhaps planned to fire her because of her age, Simmons was not terminated from her position; she resigned. Doc. 1 at 7. Simmons claims that she was "forced" to resign because "Oaks Senior Living decided to make the work environment so intolerable." *Id.* This, charitably, describes constructive discharge. *See id.* at 3; *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1230 (11th Cir. 2001) (citing *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 n.2 (11th Cir. 1997)) ("We have long recognized that constructive discharge can qualify as an adverse employment decision under ADEA."). To establish constructive discharge, Simmons must "demonstrate that the work environment and conditions of employment were so unbearable that a

---

[2] Oaks Senior Living's basic argument is correct, but its Motion to Dismiss is substantively lacking. Nearly every citation it relies on in the "Argument" section, doc. 14 at 6-9, addresses a motion for summary judgment, not a motion to dismiss. *See e.g.*, *Allen v. Ambu-Stat, LLC*, 799 F. App'x 703 (11th Cir. 2020) (addressing appeal of a grant of summary judgment); *McCreight v. AuburnBank*, 2022 WL 2541127 (M.D. Ala. July 7, 2022) (addressing a motion for summary judgment). The standards for granting a motion for summary judgment and a motion to dismiss are distinct and not interchangeable. *Compare* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") *with Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

reasonable person in that person's position would be compelled to resign." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1363 (11th Cir. 1994). The threshold is "quite high." *Hipp*, 252 F.3d at 1231. An employer's conduct must be severe or pervasive. *Id.* For example, being berated in public, *see id.* at 1233-34, receiving poor evaluations, *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001), or becoming aware of a supervisor's intent to fire, *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 978 (11th Cir. 2003), are insufficient to sustain a constructive discharge claim.

Simmons alleges that Ashley unreasonably scrutinized her as compared to younger co-workers; chastised her for infractions she did not commit; exhibited a continual pattern of non-support for her thoughts, ideas, and concerns; frustrated her "ability to grow and succeed"; held her to different work standards and rules; and made comments to co-workers that she was unfit to do her job because of her age. Doc. 1 at 6-7. The alleged treatment does not approach the level of hostility that has been recognized as amounting to constructive discharge. The plaintiff in *Poole* was prohibited from using her desk or computer; was made to do menial tasks for days; was relieved of her duties and transferred to a different

department; was not given a desk in the new department; was not allowed to pack her belongings from her old office herself; and was not given any new duties or responsibilities in her new position. 129 F.3d at 552. The plaintiff also claimed that her employer had made comments about her age both to her directly and to her co-workers, and that her employer had instructed other employees not to speak with her, leaving her completely isolated. *Id.* The Eleventh Circuit held that "a reasonable person might find the conditions under which she was working intolerable." *Id.* at 553-54 (reversing a grant of summary judgment in the defendant's favor). In another case, *EEOC v. Massey Yardley Chrysler Plymouth*, the plaintiff was subjected to offensive comments about the effects of aging on her body, remarks about the impact of age on her mental faculties, comments and questions about "hot flashes," was told she was too old to wear the clothes she wore, and was repeatedly called an "old lady." *See* 117 F.3d 1244, 1247-48, 1247 nn.2, 4 (11th Cir. 1997) (upholding a verdict in plaintiff's favor on hostile work environment and constructive discharge claims).

Simmons's Complaint does not detail similarly egregious behavior. It hardly details any behavior at all. Instead, Simmons makes broad,

5

unspecific claims of generally unfair treatment. *See* doc. 1 at 6. She does not explain, for example, *how* Ashley held her to different standards than her younger coworkers or frustrated her ability to grow or succeed. *See id.* Furthermore, facts which may be relevant to her claims–such as Ashley using one of Simmons's direct employees to undermine her then assuring that employee that Simmons "would be gone soon"–appear in Simmons's Opposition to Oak Senior Living's Motion to Dismiss, *see* doc. 20 at 2-4, but were omitted from the Complaint, *see generally* doc. 1. Without more, the Court cannot say that "the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign." *Virgo*, 30 F.3d at 1363. Because Simmons's Complaint does not contain "enough factual matter . . . to suggest" she suffered constructive discharge, Simmons has not stated a claim for age discrimination the ADEA. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Early*, 907 F.2d at 1081 (holding that an adverse employment action is an element of age discrimination). Nor has she stated a claim for retaliation under the ADEA. An adverse employment action is also an element of retaliation, as are engaging in a protected activity and a causal link between the

activity and the adverse employment action. *See Weeks*, 291 F.3d at 1311 (reciting the elements of a retaliation claim under the ADEA). Again, the Complaint does not contain enough factual matter to suggest Simmons suffered an adverse employment action, and it does not include any allegation that Simmons engaged in statutorily protected expression. *See generally* doc. 1.

However, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015); *see also Thomas v. Myers*, 2023 WL 3819186, at *5 (S.D. Ga. June 5, 2023) (considering whether a *pro se* plaintiff should be given leave to amend even though the plaintiff had not moved for leave to amend). The Court believes that the deficiencies in the Complaint could be remedied if Simmons is given the opportunity to amend. As explained above, Simmons alleges overarching unfair treatment but does not detail specific events or describe the frequency or duration of the negative treatment she claims she endured. In a more carefully drafted complaint, Simmons may be able to allege facts that support her contention that she was constructively discharged

7

and thereby state a claim for age discrimination upon which relief could be granted.[3] She may also be able to allege facts that support her retaliation claim–namely, that she engaged in a protected activity, and that she was constructively discharged as a result of engaging in that activity. *Cf. Rogers v. Shineski*, 2014 WL 1093147, at *5 (S.D. Ga. 2014) (allowing plaintiff leave to file an amended complaint even though the initial complaint did not include an allegation that plaintiff engaged in any protected activity). Because Simmons is proceeding *pro se* and a more carefully drafted complaint may state a claim, she must be given an opportunity to amend before the Court dismisses the action. *Jenkins*, 620 F. App'x at 711.

Accordingly, Simmons is **DIRECTED** to file an Amended Complaint by February 6, 2024. Simmons is advised that this amended complaint will supersede her original pleading—that is, it will replace

---

[3] Oaks Senior Living argues that providing a month's notice before the effective date of resignation precludes the possibility that Simmons's "working conditions were intolerable." Doc. 14 at 7-8. Courts "may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Oaks Senior Living does not cite any cases which suggests that providing notice before resigning bars a constructive discharge claim as a matter of law, nor has the Court been able to find any authority which suggests as much.

the original pleading entirely—and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). She is further advised that failure to timely comply with this Order may result in dismissal of her case for failing to obey a court order or failure to prosecute this case. *See* Fed. R. Civ. P. 41(b). Per Rule 15(a)(3) of the Federal Rules of Civil Procedure, Oak Senior Living's response will be due 14 days after the Amended Complaint is filed. Oak Senior Living is **DIRECTED** to address whether its pending Motion to Dismiss, doc. 14, is moot in any response to the Amended Complaint.

    **SO ORDERED**, this 23rd day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA