UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MINNIE SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-274 |
| | ) | |
| OAKS SENIOR LIVING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The Court previously afforded *pro se* plaintiff Minnie Simmons an opportunity to amend her Complaint, to attempt to address defects identified in Defendant's Motion to Dismiss. *See generally* doc. 23. She filed her Amended Complaint, doc. 27, and Defendant has moved to dismiss it, doc. 28. Simmons' deadline to respond to Defendant's Motion remains pending. *See, e.g.,* S.D. Ga. L. Civ. R. 7.5. Since the Amended Complaint supersedes the original, *see Varnes v. Local 91 Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982), Defendant's Motion to Dismiss the original is moot, *Auto-Owners*

*Ins. Co. v. Tabby Place Homeowner's Ass'n., Inc.*, 637 F. Supp. 3d 1342, 1348 n.4 (S.D. Ga. 2022).[1]  It is, therefore, **DISMISSED**.  Doc. 14.

**SO ORDERED**, this 6th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court's prior Order specifically directed Defendant "to address whether its pending Motion to Dismiss, doc. 14, is moot in any response to the Amended Complaint."  Doc. 23 at 9.  Defendant did not comply with that instruction.  *See generally* doc. 28.  The Court assumes that Defendant did not intentionally disregard the Court's instructions, but simply presumed that submitting the Motion to Dismiss implied its concession that the prior Motion was moot.  In future, Defendant is advised that implicit compliance with the Court's instructions will not be sufficient.  *Cf. Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 844 (11th Cir. 2018) ("We don't know what else we could have said other than, perhaps, 'and we really mean it.  Well, we really did mean it.  And we still do.'").