UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MINNIE SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-274 |
| | ) | |
| OAKS SENIOR LIVING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Minnie Simmons to show cause why her case should not be dismissed for her failure to respond to Defendant's Motion to Dismiss. *See* doc. 30. The Court granted her an extension of her deadline to respond to that Order. *See* doc. 32. The Court's instructions were absolutely explicit: "To be clear, the Court does not expect Simmons to file a response to the Motion to Dismiss by [the extended] deadline . . . Simmons simply must explain why she did not file that response or move for an extension within the standard fourteen-day deadline[ to respond to the Motion to Dismiss]." *Id.* at 3. The Court expressly warned her "that failure to submit her response timely may result in a recommendation that her case be

dismissed." *Id.* Despite the Court's clear and straightforward instructions, Simmons did not file a response by the extended deadline. Instead, she filed a procedurally improper Amended Complaint. *See* doc. 33. Since, as explained below, that pleading is a nullity and she has, apparently, disregarded the Court's Order, her case should be **DISMISSED**.

The Federal Rules permit a plaintiff to amend her complaint "once as a matter of course," by the earlier of 21 days of serving it on a defendant or within 21 days after a responsive pleading is filed. *See* Fed. R. Civ. P. 15(a)(1). All other amendments require the Court's permission or the other party's written consent. *See* Fed. R. Civ. P. 15(a)(2). A motion to dismiss is not a responsive pleading, *see, e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007), and Defendant waived service on April 18, 2023, *see* doc. 14 at 1 n. 1, considerably more than twenty-one days ago. Moreover, Simmons has already amended her Complaint once. *See* doc. 27. Thus, Plaintiff's

submission of the Amended Complaint without permission from the Court or Defendant's consent is improper.

The Eleventh Circuit, following a prominent treatise, has explained:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval. However, some courts have held that an untimely amended pleading served without judicial permission may be considered properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities.

*Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting 6 Fed. Practice & Procedure § 1485 at 421 (1971)) (emphasis omitted). Even where amendments are not proper as a matter of course, the Federal Rules require that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court has explained, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A brief review of the second Amended Complaint does not reveal any substantial difference from the prior Amended Complaint. *Compare* doc. 27, *with* doc. 33 at 1-10.[1]

Ultimately, whether the second Amended Complaint is meritorious or not is irrelevant. Whatever merits the second Amended Complaint might have, it does not "explain why [Simmons] did not file [any] response [to the Motion to Dismiss] or move for an extension within the standard fourteen-day deadline." Doc. 32 at 3. The only conclusion the Court can draw from Simmons' filing is that she has willfully disregarded

---

[1] The most obvious difference between the two pleadings is the second Amended Complaint's attachment of several exhibits. *See* doc. 33 at 11-34. The second Amended Complaint omits the date on which Simmons alleges she filed a discrimination complaint with the Equal Employment Opportunity Commission. *See id.* at 3. It also omits paragraph numbers in the statements of the various grounds for relief. *See id.* at 5-9. Otherwise, the two pleadings appear identical verbatim. While the Court will not anticipate any evaluation of the merits of Defendant's Motion to Dismiss, *see generally* doc. 28, the correspondence between the two pleadings indicate that, to the extent the Motion to Dismiss identified fatal defects in the first Amended Complaint, the second Amended Complaint would be futile. *See, e.g., Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . ." (citation omitted)).

4

the Court's Order that she show cause. Because she has disregarded the Court's Order, her case should be **DISMISSED**.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court." S.D. Ga. L.R. 41.1(b). Simmons' *pro se* status does not alter her obligation to comply with the Court's orders. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court . . . ."). The Court's Order expressly warned Simmons that failure to comply with the Court's instructions could result in dismissal. *See* doc. 32 at 3. Simmons' failure to even attempt to comply with that Order warrants dismissal. *See Brown,* 205 F. App'x at 802 ("Dismissal pursuant

to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Accordingly, her Amended Complaint should be **DISMISSED** for failing to obey a court order. Doc. 27. If the District Judge adopts this recommendation, Defendant's Motion to Dismiss should be **DISMISSED** as moot. Doc. 28.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>4th</u> day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA